**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **ROSE ADANMA DURU,** § | |
| Plaintiff, § | |
| vs. § | Civil Action No. 3:15-CV-1855-L-BH |
| § | |
| **TEXAS STATE COURT, et al.,** § | |
| Defendants. § | PTRL Management |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION

Pursuant to the standing order of reference dated May 29, 2015 (doc. 6), this *pro se* case was referred for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Before the Court are *Defendant Greyhound Lines, Inc.'s Motion to Dismiss Pursuant to Rule 12(b)(6)*, filed August 28, 2015 (doc. 14); *Defendant Walter Pettey, III's Motion to Dismiss*, filed August 28, 2015 (doc. 15); *Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim Against Kaiser Permanente Georgia*, filed August 31, 2015 (doc. 18); *HCA Inc.'s Motion to Dismiss*, filed September 4, 2015 (doc. 23); *Charles Schwab, Melina Louie and Charles Schwab & Co. Inc.'s Motion to Dismiss*, filed September 4, 2015 (doc. 26); *Defendant the Northern Trust Company's Motion to Dismiss Plaintiff's Original Complaint for Failure to State a Claim and, Alternatively, Motion for More Definite Statement*, filed September 10, 2015 (doc. 28); *Defendant Nationstar Mortgage LLC's Motion to Dismiss Plaintiff's Complaint*, filed September 16, 2015 (doc. 32); and *Defendant Baker Donelson's Motion to Dismiss Pursuant to FRCP 12(b)(6)*, filed October 6, 2015 (doc. 40).[1]  Based on the relevant filings and applicable law, the motions to dismiss of defendants Walter Pettey, III; Charles Schwab; Melinda Louie; and Charles Schwab & Co. Inc. should be **GRANTED**, and the claims against the moving

---

[1] Although not yet ripe for recommendation, defendants U-Haul Co. of Georgia, Robert Barnard, and Jose Alvarenga filed a *Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)* on January 8, 2016. (*See* doc. 46.)

defendants should be **DISMISSED without prejudice** for lack of subject-matter jurisdiction. The claims against the remaining defendants should also be **DISMISSED** *sua sponte* without prejudice for lack of subject-matter jurisdiction. The remaining motions should be **DEEMED MOOT**.

## I. BACKGROUND

On May 28, 2015, Rose Adanma Duru (Plaintiff) filed this *pro se* diversity case against sixteen defendants, including both individuals and companies, for (1) abuse of power and justice, (2) obstruction of justice, (3) judicial misconduct, (4) breach of due process, (5) fraud - breach in proof of service, (6) accessory after the fact, (7) misrepresentation, (8) conspiracy, (9) recovery of overpayment, (10) false claim, (11) breach of contract, and (12) theft. (doc. 1 at 1-5).[2] On July 14, 2015, she amended her complaint to include two additional defendants. (doc. 8.) She now alleges claims against "Texas State Court, Dallas County Judicial District;"[3] Nationstar Mortgage LLC (Nationstar); Greyhound Lines, Inc.; Walter G. Pettey, III; Charles Schwab; Melina Louie; Charles Schwab & Co. Inc. (Charles Scwab); Baker, Donelson, Bearman, Caldwell & Berkowitz, PC (Baker Donelson); U-Haul Co. of Georgia (U-Haul); Robert Barnard; Jose Alvarenga; HCA Inc.; The Northern Trust Company (Northern Trust); Kaiser Permanente Georgia; Kaiser Permanente Colorado; and Dr. Robert Schreiner (collectively Defendants).[4] (docs. 1, 8.)

Although Plaintiff's complaint provides minimal detail or context, she generally alleges that "[t]he conflicts with all the named defendants in this civil suit, is as a direct, and indirect result of [the

---

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[3] This defendant still has not been served.

[4] Plaintiff misspelled or incorrectly stated the names of several individuals and entities in her complaint. (*See* docs. 14, 23, 26, 32, 46.) The names here reflect the proper spelling and entities.

2

actions of] Kaiser Permanente, Georgia, and Kaiser Permanente, Colorado." (doc. 1 at 7.)

It appears from the documents provided by Plaintiff that she rolled over her HCA Retirement Plan into a IRA with Charles Schwab on July 14, 2003. (*Id*. at 20-7, 34-37.) Plaintiff disputes opening an account with them or authorizing an early distribution through HCA or Northern Trust. (doc. 1 at 28, 36.) Louie, on behalf of Charles Schwab, provided records related to the 2003 rollover to Plaintiff on August 13, 2012. (*Id*. at 28.) Plaintiff filed suit against Charles Schwab in Texas state court on October 23, 2014. (*Id*. at 17-18.) The parties agreed to arbitrate before the Financial Industry Regulatory Authority, Inc., and the state court abated and administratively closed the case on December 30, 2014, "pending the final outcome of the arbitration proceedings." (*Id*. at 19.) Plaintiff provides no other detail regarding the outcome of the arbitration or the case in state court.

At some unidentified point, Plaintiff spoke to Nationstar about obtaining a "home equity line of credit." (*Id*. at 44.) Nationstar refused to accept her application, which Plaintiff alleges caused her to become homeless from July 24, 2014 to September 12, 2014. (*Id*.) She provides no other detail regarding Nationstar.

On February 28, 2014, Plaintiff rented a storage unit from U-Haul (*Id*. at 55-59.) The documents provided by Plaintiff show that she was late on rent at least twice in March and April of 2014 (*Id*. at 60-69.) Barnard, an employee of U-Haul, sent notices to Plaintiff at 9535 Katy Freeway and via her emergency contact on the account regarding her late payment. (*Id*.) At some unidentified point, U-Haul informed her that her property was to be sold. (*Id.* at 71.) On August 9, 2014, she sent a letter to U-Haul and Barnard expressing her objection to the bills and stating,"I am in the process of obtaining a court order to stop the sale/auction of personal belongings scheduled for 8/18/14." (*Id*.) On September 9, 2014, Plaintiff filed suit against U-Haul and Barnard in Texas state court. (*Id*. at 50.)

Baker Donelson, attorneys for U-Haul and Barnard, removed the case to federal court on diversity grounds on October 9, 2014. (*Id.*) Plaintiff provides no other detail regarding the outcome of her case following removal.

At some unidentified time, Plaintiff traveled from Marietta, Georgia to Denver, Colorado and back on a Greyhound bus. (*Id.* at 9.) Plaintiff alleges that Greyhound "intentionally" retained her luggage and refused to release it to her. (*Id.*) On April 1, 2014, she sent them a request for $3,620 for her missing luggage. (*Id.* at 13.) Because they refused to compensate her, she filed suit in Texas state court on September 18, 2014. (*Id.* at 10.) During the pendency of the case, the court ordered mediation. (*Id.* at 11.) Pettey mediated the case on a *pro bono* basis through the Dallas County Dispute Resolution Center. (doc. 1 at 11; 16-5 at 2.) Plaintiff alleges that he "deceived [her] by fabricating a false federal rule." (doc. 1 at 8.) Plaintiff nonsuited her case on April 20, 2015, after the case did not settle at mediation. (*Id.*)

Plaintiff seeks $1.969 billion in restitution, compensatory damages, and punitive damages from Defendants. (*Id.* at 46.) Various defendants moved to dismiss through eight separate motions on four different grounds, including lack of subject-matter jurisdiction, personal jurisdiction, insufficient service of process, and failure to state a claim upon which relief can be granted. (docs. 14, 15, 18, 23, 26, 28, 32, 40.) Plaintiff has not responded to any of the motions, and the motions are now ripe for recommendation.[5]

## II. RULE 12(b)(1) MOTIONS

Defendants Pettey, Schwab, Louie, and Charles Schwab move to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction. (docs. 15, 26.)

---

[5] A ninth motion to dismiss was filed on behalf of U-Haul, Barnard, and Alvarenga on January 8, 2016. (doc. 46.) That motion is not ripe for recommendation at this point in time.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

A Rule 12(b)(1) motion "may be raised by a party, or by a court on its own initiative at any stage in the litigation, even after trial and the entry of judgment."*Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506–07 (2006). A court must dismiss the action if it determines that it lacks jurisdiction over the subject matter. Fed. R. Civ. P. 12(h)(3); *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir.2001) (per curiam). A dismissal under Rule 12(b)(1) "is not a determination of the merits," and "it does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Id.* Accordingly, considering Rule 12(b)(1) motions first "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id*.

**A.    Legal Standard**

A district court may dismiss for lack of subject matter jurisdiction based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.1981) (en banc). A motion to dismiss based on the complaint alone presents a "facial attack" that requires the court to merely decide whether the allegations in the

complaint, which are presumed to be true, sufficiently state a basis for subject-matter jurisdiction. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1998). "If sufficient, those allegations alone provide jurisdiction." *Id*. Facial attacks are usually made early in the proceedings. *Id.* "A facial attack requires the court merely to decide if the plaintiff has correctly alleged a basis for subject matter jurisdiction" by examining the allegations in the complaint, which are presumed to be true. *Rodriguez v. Tex. Comm'n on the Arts*, 992 F.Supp. 876, 878 (N.D. Tex. 1998) (citation omitted). However, if the defendant supports the motion with evidence, then the attack is "factual," and "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson*, 645 F.2d at 413. A factual attack may occur at any stage of the proceedings. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir.1980). Regardless of the nature of attack, the party asserting federal jurisdiction continually carries the burden of proof to show it exists. *Ramming*, 281 F.3d at 161.

Defendants Schwab, Louie, and Charles Schwab rely solely on Plaintiff's complaint to support their 12(b)(1) motion to dismiss. (*See* doc. 26.) Accordingly, their motion presents a facial attack that does not require the resolution of factual matters outside the pleadings. *See Williamson*, 645 F.2d at 412–13. However, Pettey provides an appendix in support of his motion to dismiss that includes copies of certified documents related to Plaintiff's state court lawsuit against Greyhound and his *pro bono* mediation for the parties. (*See* doc. 16.) His motion therefore represents a factual attack, and no presumption of truth attaches to Plaintiff's factual allegations. "Because Plaintiff does not contest Defendant's proffered evidence, however, there are no disputed facts to resolve." *McClain v. Bueschel*, No. 3:09-CV-1721-M-BH, 2010 WL 742452, at *2 (N.D. Tex. Mar. 2, 2010).

B.      **Diversity Jurisdiction**

Plaintiff alleges diversity jurisdiction on the civil cover sheet for her case. (doc. 1 at 72.)

Diversity jurisdiction is proper only when complete diversity exists between the parties and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332. "Complete diversity" means that a plaintiff may not share citizenship with any defendant. *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir.1992). A party asserting diversity jurisdiction must "distinctly and affirmatively" allege the citizenship of the parties. *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *McGovern v. Am. Airlines, Inc.*, 511 F.2d 803, 805 (5th Cir. 1991)).

As noted by the Fifth Circuit:

> "The burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction." *Getty Oil*, 841 F.2d at 1259; *see McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir.1975) ("The burden is on a plaintiff to allege and invoke jurisdiction."). "When jurisdiction depends on citizenship, citizenship should be 'distinctly and affirmatively alleged.' " *McGovern*, 511 F.2d at 654 (quoting 2A Moore's Federal Practice ¶ 8.10, at 1662); *see also Powell v. Abney*, 83 F.R.D. 482, 487 (S.D.Tex.1979) ("In invoking diversity jurisdiction, the plaintiff's complaint must specifically allege each party's citizenship and these allegations must show that the plaintiff and defendant are citizens of different states."). *Failure adequately to allege the basis for diversity jurisdiction mandates dismissal. Patterson v. Patterson*, 808 F.2d 357, 357 (5th Cir.1986); *McGovern*, 511 F.2d at 654.

*Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804-05 (5th Cir. 1991) (emphasis added). Additionally, a corporation is a citizen of the state in which it was incorporated and the state in which it has its principal place of business. *Tewari De-Ox Systems, Inc. v. Mountain States/Rosen, LLC*, 757 F.3d 481, 483 (5th Cir. 2014); 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." (emphasis added).

Here, as the party seeking to invoke diversity jurisdiction, the obligation was on Plaintiff to "distinctly and affirmatively" allege the citizenship of all parties. Her complaint does not allege the citizenship of the parties. (*See* docs. 1, 8.) It provides only addresses for the parties, including Texas addresses for herself and seven of the defendants and non-Texas addresses for the remaining defendants. (docs. 1 at 1-4; 8 at 1.) She provides no other detail or allegations regarding citizenship. (*See* docs. 1, 8.) Nor is the assertion of diversity jurisdiction on the cover sheet sufficient. *See, e.g., Good v. Kroger Texas, L.P.*, No. 4:13–CV–462–A, 2013 WL 3989097, at *2 (N.D. Tex. Aug. 5, 2013) (civil cover sheet is not considered a pleadings under the federal rules); *Gonzalez v. Wal-Mart Stores, Texas, LLC*, No. H–14–2880, 2015 WL 3613648, at *4 (June 9, 2015) (same). Even assuming that the list of addresses is sufficient to establish the citizenship of the parties, the face of Plaintiff's complaint demonstrates that complete diversity does not exist in this case, since she and seven of the defendants are citizens of Texas. *See Whalen*, 954 F.2d at 1094. Accordingly, she has failed to show that diversity jurisdiction exists over this action.

## C. **Federal Question Jurisdiction**

Federal question jurisdiction exists in all civil actions arising under the Constitution, laws, or treaties of the United States. *Id*. § 1331. It exists only when a federal question is presented on the face of the plaintiff's well-pleaded complaint. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). A federal question is presented when "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duan Morris LLP*, 538 F.3d 334, 337–38 (5th Cir. 2008). To determine whether resolution of a substantial question of federal law is necessary, courts must determine whether "(1) resolving a

federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities." *Id.* at 338.

Here, Plaintiff does not allege federal question jurisdiction, and the face of her complaint only identifies state causes of action. (docs. 1 at 5, 72; 8 at 1-2.) Accordingly, federal question jurisdiction does not provide a basis for subject-matter jurisdiction in this case.

Because Plaintiff's complaint does not present a sufficient basis for federal question or diversity jurisdiction, the motions to dismiss of defendants Pettey, Schwab, Louie, and Charles Schwab should be granted for lack of subject-matter jurisdiction. (docs. 15, 26.)

### III. REMAINING DEFENDANTS

Because Plaintiff lacks subject-matter jurisdiction for lack of complete diversity on defendants Pettey, Schwab, Louie, and Charles Schwab, she also lack subject-matter jurisdiction on the remaining defendants. Accordingly, the court should *sua sponte* dismiss this action against them. *See Kelley v. Bergamino*, No. 3:08–CV–00887–B, 2009 WL 174131, at *4 (N.D. Tex. Jan. 23, 2009) (order *sua sponte* dismissal of nonmoving defendants for lack of subject-matter jurisdiction following a opportunity to be heard); *see also Turner v. AmericaHomeKey, Inc.*, No. 3:11–CV–0860–D, 2011 WL 3606688, at *6 (N.D. Tex. Aug.16, 2011), *aff'd*, 2013 WL 657772 (5th Cir. Feb. 22, 2013) (dismissing action against a defendant who had not joined the motion to dismiss that was before the court; explaining that a "court has the authority to consider the sufficiency of a complaint and 'dismiss an action on its own motion as long as the procedure employed is fair' ") (citing *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006)). The fourteen-day time frame for filing objections to the recommended dismissal ensures the procedure is fair by providing the requisite notice and opportunity

9

to be heard. *See Shaunfield v. Experian Information Solutions, Inc.*, 991 F.Supp.2d 786, 897 (N.D. Tex. 2014).

## IV.  REMAINING MOTIONS

Defendants Greyhound, Kaiser Permanente Georgia, HCA, Northern Trust, Nationstar, and Baker Donelson move to dismiss under other grounds, and Northern Trust also moves in the alternative for a more definite statement. (docs. 14, 18, 23, 28, 32, 40.)  Because all of Plaintiff's claims are subject to dismissal for lack of subject-matter jurisdiction, their motions should be deemed moot.[6]

## V.  RECOMMENDATION

The motions to dismiss pursuant to Rule 12(b)(1) of defendants Pettey, Schwab, Louie, and Charles Schwab should be **GRANTED**, and the claims against them should be **DISMISSED without prejudice** for lack of subject-matter jurisdiction.  The claims against the remaining defendants should also be **DISMISSED *sua sponte* without prejudice** for lack of subject-matter jurisdiction.  The remaining motions to dismiss and for a more definite statements should be **DEEMED MOOT**.

**SIGNED this 11th day of February, 2016.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[6] U-Haul, Barnard, and Alvarenga also filed a motion to dismiss, which is not yet ripe at this time. (*See* doc. 46.)  Because the claims against them are also subject to dismissal for lack of subject-matter jurisdiction, their motion should also be deemed moot.

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE