IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ROSE ADANMA DURU,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:15-CV-1855-L** |
| | § | |
| **TEXAS STATE COURT,** *et al.*, | § | |
| | § | |
| Defendants. | § | |

# ORDER

This case, which was filed by pro se Plaintiff Rose Adanma Duru ("Plaintiff") on May 28, 2015, was referred to United States Magistrate Judge Irma Carrillo Ramirez for pretrial management on May 29, 2015. On February 11, 2016, the magistrate judge entered Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") recommending, with respect to the pending motions to dismiss filed by Defendants in this case under Federal Rules of Civil Procedure 12(b)(1), (2), and (6) (Docs. 14, 15, 18, 23, 26, 28, 40, 46), that the court grant the motions to dismiss under Rule 12(b)(1), deny as moot all other motions by Defendants, and dismiss without prejudice this action for lack of subject matter jurisdiction.

Plaintiff did not respond to any of the motions or object to the Report. On January 25, 2016, Defendants HCA Inc. and Baker Donelson filed objections in which they state that they do not object to the magistrate judge's determination that the case should be dismissed, but they object to the magistrate judge's recommendation that the case should be dismissed without prejudice without ruling on the merits of Plaintiff's claims and the related issues raised in their motions to dismiss.

Order – Page 1

Having reviewed the pleadings, file, objections, record in this case, and Report, and having conducting a de novo review of that portion of the Report to which objection was made, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. The court agrees with the magistrate judge's determination that Plaintiff has not pleaded sufficient allegations to establish diversity or federal question jurisdiction.

Having determined that subject matter jurisdiction is lacking, dismissal without prejudice is appropriate, and the court cannot consider the merits of Plaintiff's claims or the related arguments in the motions filed by HCA Inc., Baker Donelson, or any other Defendant, as it lacks jurisdiction to do so. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause."); *see also Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) ("When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits. This requirement prevents a court without jurisdiction from prematurely dismissing a case with prejudice. The court's dismissal of a plaintiff's case because the plaintiff lacks subject matter jurisdiction is not a determination on the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction.") (citations omitted). Accordingly, the court **overrules** HCA Inc.'s and Baker Donelson's objections. Rather than ruling on the various individual motions, some of which were brought under Rule 12(b)(1), the court *sua sponte* **dismisses without prejudice** this action for lack of subject matter jurisdiction and **directs** the clerk of the court to term all pending motions.

**Order – Page 2**

**It is so ordered** this 29th day of February, 2016.

                                              _/s/ Sam A. Lindsay_
                                              Sam A. Lindsay
                                              United States District Judge