IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROSE ADANMA DURU, §<br>　　　　Plaintiff, §<br>vs. §　Civil Action No. 3:15-CV-1855-L-BH<br>　§<br>TEXAS STATE COURT, et al., §<br>　　　　Defendants. §　PTRL Management | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION

Pursuant to the standing order of reference dated May 29, 2015 (doc. 6), this *pro se* case was referred for case management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Before the Court is the plaintiff's post-judgment *Motion to Transfer Case*, filed June 3, 2016 (doc. 55). Based on the relevant filings and applicable law, the motion is liberally construed as seeking relief from judgment under Rule 60(b), and it should be **DENIED**.

## I. BACKGROUND

On May 28, 2015, Rose Adanma Duru (Plaintiff) filed this *pro se* diversity case against sixteen defendants, including both individuals and companies, for (1) abuse of power and justice, (2) obstruction of justice, (3) judicial misconduct, (4) breach of due process, (5) fraud - breach in proof of service, (6) accessory after the fact, (7) misrepresentation, (8) conspiracy, (9) recovery of overpayment, (10) false claim, (11) breach of contract, and (12) theft. (doc. 1 at 1-5).[1] On July 14, 2015, she amended her complaint to include two additional defendants. (doc. 8.) She now alleges claims against "Texas State Court, Dallas County Judicial District;"[2] Nationstar Mortgage LLC

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[2] This defendant was not served.

(Nationstar); Greyhound Lines, Inc.; Walter G. Pettey, III; Charles Schwab; Melina Louie; Charles Schwab & Co. Inc. (Charles Scwab); Baker, Donelson, Bearman, Caldwell & Berkowitz, PC (Baker Donelson); U-Haul Co. of Georgia (U-Haul); Robert Barnard; Jose Alvarenga; HCA Inc.; The Northern Trust Company (Northern Trust); Kaiser Permanente Georgia; Kaiser Permanente Colorado; and Dr. Robert Schreiner (collectively Defendants).[3] (docs. 1, 8.)

Plaintiff generally alleged that "[t]he conflicts with all the named defendants in this civil suit, is as a direct, and indirect result of [the actions of] Kaiser Permanente, Georgia, and Kaiser Permanente, Colorado." (doc. 1 at 7.) She rolled her HCA Retirement Plan over into a IRA with Charles Schwab on July 14, 2003. (*Id*. at 20-7, 34-37.) Plaintiff disputes opening an account with Charles Schwab or authorizing an early distribution through HCA or Northern Trust. (doc. 1 at 28, 36.) Louie, on behalf of Charles Schwab, provided records related to the 2003 rollover to Plaintiff on August 13, 2012. (*Id*. at 28.) Plaintiff filed suit against Charles Schwab in Texas state court on October 23, 2014. (*Id*. at 17-18.) The parties agreed to arbitrate before the Financial Industry Regulatory Authority, Inc., and the state court abated and administratively closed the case on December 30, 2014, "pending the final outcome of the arbitration proceedings." (*Id*. at 19.) The complaint provided no other detail regarding the outcome of the arbitration or the state court case.

At some unidentified point, Plaintiff spoke to Nationstar about obtaining a "home equity line of credit." (*Id*. at 44.) Nationstar refused to accept her application, allegedly caused her to become homeless from July 24, 2014 to September 12, 2014. (*Id*.)

On February 28, 2014, Plaintiff rented a storage unit from U-Haul (*Id*. at 55-59.) She was late on rent at least twice in March and April of 2014 (*Id*. at 60-69.) Barnard, an employee of U-Haul, sent

---

[3] Plaintiff misspelled or incorrectly stated the names of several individuals and entities in her complaint. (*See* docs. 14, 23, 26, 32, 46.)

her notices at 9535 Katy Freeway and via her emergency contact on the account regarding her late payment. (*Id.*) At some unidentified point, U-Haul informed her that her property was to be sold. (*Id.* at 71.) On August 9, 2014, she sent a letter to U-Haul and Barnard expressing her objection to the bills and stating,"I am in the process of obtaining a court order to stop the sale/auction of personal belongings scheduled for 8/18/14." (*Id.*) On September 9, 2014, Plaintiff filed suit against U-Haul and Barnard in Texas state court. (*Id.* at 50.) Baker Donelson, attorneys for U-Haul and Barnard, removed the case to federal court on diversity grounds on October 9, 2014. (*Id.*) The complaint provides no other detail regarding the outcome of her case following removal.

At some unidentified time, Plaintiff traveled from Marietta, Georgia, to Denver, Colorado, and back on a Greyhound bus. (*Id.* at 9.) She alleges that Greyhound "intentionally" retained her luggage and refused to release it to her. (*Id.*) On April 1, 2014, she sent them a request for $3,620 for her missing luggage. (*Id.* at 13.) Because they refused to compensate her, she filed suit in Texas state court on September 18, 2014. (*Id.* at 10.) During the pendency of the case, the court ordered mediation. (*Id.* at 11.) Pettey mediated the case on a *pro bono* basis through the Dallas County Dispute Resolution Center. (doc. 1 at 11; 16-5 at 2.) He allegedly "deceived [her] by fabricating a false federal rule." (doc. 1 at 8.) Plaintiff nonsuited her case on April 20, 2015, after the case did not settle at mediation. (*Id.*)

Plaintiff seeks $1.969 billion in restitution, compensatory damages, and punitive damages from Defendants. (*Id.* at 46.) Various defendants moved to dismiss through eight separate motions on four different grounds, including lack of subject-matter jurisdiction, personal jurisdiction, insufficient service of process, and failure to state a claim upon which relief can be granted. (docs. 14, 15, 18, 23,

3

26, 28, 32, 40.)[4] Plaintiff did not respond to any of the motions. On February 29, 2016, the complaint was dismissed for lack of subject-matter jurisdiction. (*See* docs. 50, 53, 54.) On June 3, 2016, Plaintiff moved to transfer the case to Colorado because she has now relocated there. (*See* doc. 55.) She contends her "case was fraudulently and maliciously closed by the Court", and that the Clerk "changed the original jurisdiction from 'diversity' to federal question." (*Id.*)

## II.  RULE 60(b)

The plaintiff's post-judgment motion to transfer her case may be liberally construed as seeking relief from judgment under Federal Rule of Civil Procedure 60(b). Rule 60(b) provides that upon motion, a court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or that applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief. FED. R. CIV. PROC. 60(b)(1)-(6).

Here, the plaintiff's motion does not allege mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; fraud, misrepresentation, or misconduct by an opposing party[5]; a void judgment; the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or that applying the judgment prospectively is no longer

---

[4] A ninth motion to dismiss was filed on behalf of U-Haul, Barnard, and Alvarenga on January 8, 2016. (doc. 46.)

[5] Although the plaintiff alleges fraudulent closure of the case, this allegation does not invoke Rule 60(b)(3). "A party making a rule 60(b)(3) motion must establish by clear and convincing evidence (1) that *the adverse party* engaged in fraud or other misconduct and (2) that this misconduct prevented the moving party from fully and fairly presenting his case." *In re Isbell Records, Inc.*, 774 F.3d. 859, 869 (5th Cir. 2014) (*emphasis added*) (citing *Washington v. Patlis*, 916 F.2d 1036, 1039 (5th Cir. 1990) (emphasis, internal quotation and citation omitted).

equitable. It may therefore be construed as arising under the "catch-all" clause of Rule 60(b)(6). *See Hess v. Cockrell*, 281 F.3d 212, 215-16 (5th Cir. 2002). Rule 60(b)(6) is "'a residual clause used to cover unforeseen contingencies; that is, it is a means for accomplishing justice in exceptional circumstances.'" *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F. 2d 599, 604-05 (5th Cir. 1986)). Motions under this clause "will be granted only if extraordinary circumstances are present." *Hess*, 281 F.3d at 216.

In *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396 (5th Cir. 1981), the Fifth Circuit set forth the following factors to consider when evaluating a motion under Rule 60(b)(6): 1) that final judgments should not lightly be disturbed; 2) that a Rule 60(b) motion should not be used as a substitute for appeal; 3) that the rule should be liberally construed in order to achieve substantial justice; 4) whether, if the case was not decided on its merits due to a default or dismissal, the interest in deciding the case on its merits outweighs the interest in the finality of the judgment and there is merit in the claim or defense; 5) whether, if the judgment was rendered on the merits, the movant had a fair opportunity to present his claims; 6) whether there are intervening equities that would make it inequitable to grant relief; and 7) any other factors relevant to the justice of the judgment under attack. *Id*. at 402.

Here, the plaintiff's case was dismissed for lack of subject-matter jurisdiction after consideration of whether either diversity or federal question jurisdiction existed; judgment was not rendered on the merits. She had the opportunity to appeal the judgment but did not. has not alleged or shown exceptional or extraordinary circumstances such that denial of her Rule 60(b) motion would be "so unwarranted as to constitute an abuse of discretion." *See Vafaiyan v. City of Wichita Falls*, 398 F. App'x 989, 990 (5th Cir. 2010) (noting standard of review for denial of Rule 60(b) motions).

5

## III. RECOMMENDATION

The plaintiff's post-judgment motion to transfer her case, which has been liberally construed as seeking relief from judgment under Rule 60(b), should be **DENIED.**

**SO RECOMMENDED** on this 17th day of June, 2016.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE